FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 DEC 21 A 11: 55

CLERK D.Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MIGUEL JACKSON,

    Plaintiff,

vs.

HUGH SMITH, Warden,

    Defendant.

CIVIL ACTION NO.: CV604-141

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Smith ("Defendant") violated his constitutional rights. On July 8, 2005, Defendant filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant had filed a Motion for Summary Judgment and that a response must be filed by July 31, 2005. (Doc. No. 20.) That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

AO 72A
(Rev. 8/82)

  3.  If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response[1] to Defendant's Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendant Smith has denied him the right to marry his fiancee, a former correctional officer at Georgia State Prison ("GSP"). Plaintiff alleges that the marriage procedure in place at GSP requires that the inmate's prospective spouse's name be placed on the visitor's list or that the Warden grant permission for the marriage. Plaintiff contends that his request to have his fiancee's name placed on the visitor's list was denied by Smith "due to security reasons." (Compl., p 5.) Plaintiff also contends that his request was denied on appeal because other officials deferred to Warden Smith's discretion in this matter.

Defendant contends that Tammy Allen, Plaintiff's fiancee, is not permitted to visit Plaintiff because she is a former correctional officer at GSP who has knowledge of the security procedures there and who could pass along this information to Plaintiff. Defendant also contends that, in order for Plaintiff and Ms. Allen to marry, she would have to go to GSP for the ceremony, which poses a serious threat to the security of GSP and to the safety of inmates and staff.

---

[1] Plaintiff filed a Motion for Continuance of Summary Judgment, which the undersigned construed as a Motion for Extension of Time within which to respond to Defendant's Motion for Summary Judgment. Plaintiff was allowed until October 4, 2005, to file any desired Response to Defendant's Motion for Summary Judgment by Order dated July 28, 2005. (Doc. No. 23.)

2

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable

3

AO 72A
(Rev. 8/82)

inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant alleges that his denial of Plaintiff's request to marry a former GSP correctional officer is reasonable under the Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed.2d 64 (1987), test. Defendant contends that he denied Plaintiff's request to marry Ms. Allen to prevent Plaintiff from obtaining confidential security information and to protect the safety of inmates and staff. Defendant also contends that his denial of Plaintiff's request to marry Ms. Allen was rationally related to the goal of maintaining prison safety and security. Defendant further contends that there is no alternative means to allow Plaintiff to marry Ms. Allen at *de minimis* cost to penological interests, as Ms. Allen would have to enter GSP for the ceremony. Finally, Defendant contends that permitting Plaintiff to marry Ms. Allen would have a detrimental impact on the safety of security staff and other inmates due to the security information Plaintiff could obtain from Ms. Allen.

The decision to marry is a fundamental right protected by the due process clause. See Zablocki v. Redhail, 434 U.S. 374, 98 S. Ct. 673, 54 L. Ed.2d 618 (1978); Loving v. Virginia, 388 U.S. 1, 87 S. Ct. 1817, 18 L. Ed.2d 1010 (1967). However, the right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration. Regulations affecting an inmate's right to marry are subject to the reasonableness standard set forth in Turner, 482 U.S. at 84, 107 S. Ct. at 2259. The factors which form this reasonableness inquiry are: (1) whether the governmental objective underlying the regulations at issue is legitimate and neutral; (2) whether the regulations are rationally related to that objective; (3) whether there are alternative means of exercising the right that

4

AO 72A
(Rev. 8/82)

remain open to prison inmates at de minimis cost to penological interests; and (4) the impact that accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison. Thornburgh v. Abbott, 490 U.S. 401, 414-18, 109 S. Ct. 1874, 1882-84, 104 L. Ed.2d 459 (1989).

In support of his Motion for Summary Judgment, Defendant submitted Standard Operating Procedure ("SOP") VA01-0009, which provides that "The Commissioner or designee shall approve an inmate[']s request to marry except where a legal restriction to the marriage exists or where the proposed marriage presents a threat to the security of the facility or to the protection of the public." (Def.'s Ex. D, SOP VA01-0009, ¶ I). An inmate's "outside intended spouse" must come to the prison facility so that the prison chaplain may perform the marriage ceremony. (Def.'s Ex. D, SOP VA01-0009, ¶ VI(G)). Defendant submitted his affidavit in which he states that he denied Ms. Allen's request to visit GSP and Plaintiff's grievance concerning Ms. Allen's visitation pursuant to SOP VA01-0009. (Def.'s Ex. A, ¶ 6.) Defendant has also submitted a Statement of Material Facts in support of his Motion for Summary Judgment. In contrast, Plaintiff has submitted nothing to establish the existence of a genuine issue of material fact as to whether Defendant's actions have been anything but reasonable under Turner.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's unopposed Motion for Summary Judgment (Doc. No. 17) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of December, 2005.

*[signature]*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)